UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SANGO,

                Plaintiff,                Case No. 2:15-cv-104

v.                                          HON. GORDON J. QUIST

UNKNOWN VanWAGNER, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Robert Sango pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was confined at the Baraga Correctional Facility Defendants VanWagner, Dessellier and Bastian violated his rights. Defendants filed a motion for summary judgment (ECF No. 11) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (ECF No. 15). Defendants filed a reply (ECF No. 16).

Plaintiff alleges that Defendants VanWagner and Dessellier began calling him "Bobby-X." Defendant VanWagner stated that Plaintiff had a hit on him, and that he would pay to get Plaintiff stabbed. Defendant Dessellier agreed with Defendant VanWagner. Defendants told other prisoners that Plaintiff was a Malantic (a member of a militant racist religion). Plaintiff claims that this was not true and that he had never been a Malantic. Defendants continued to call Plaintiff a Malantic because he had written a grievance on Defendant Bastian for poisoning Plaintiff. Plaintiff alleges that when he attempted to file a grievance on this issue, Defendant Bastian returned the grievance to him with the words "let it go, or die" handwritten on the grievance. Defendant Bastian denies these allegations. Plaintiff has attached a copy of that grievance form to his reply brief. PageID.88.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly

has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id.* at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

4

does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants argue that this case should be dismissed because Plaintiff never completed the grievance process on the issues presented in the complaint prior to filing his complaint on August 5, 2015.[1] Plaintiff asserts that he attempted to grieve Defendants VanWagner and Dessellier regarding the issues asserted in the complaint. The grievance also mentions that these acts arose out his grievance filing against Defendant Bastian for poisoning Plaintiff's food. It appears that Plaintiff attempted to file this grievance on August 3, 2015. Plaintiff asserts that Defendant Bastian returned the grievance to him with the notation "let it go, or die." Defendant Bastian denies that he wrote on Plaintiff's grievance form. In the opinion of the undersigned, a question of facts exists regarding whether Plaintiff was prohibited from submitting that grievance by corrections officials.

Defendant Bastian further argues that he was not named in that grievance. Plaintiff's only claim against Defendant Bastian is that he returned Plaintiff's grievance to him after writing the notation "let it go, or die" on the grievance form. Plaintiff has not asserted that he submitted a grievance on Defendant Bastian for refusing to process his grievance and for writing this notation on

---

[1] The date Plaintiff handed his complaint to a prison official for mailing to the Court.

5

Plaintiff's grievance form.  In the opinion of the undersigned, Defendant Bastian should be dismissed due to Plaintiff's failure to exhaust available remedies against Defendant Bastian.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 11) be denied in part and granted in part.  It is recommended that Defendant Bastian be dismissed without prejudice due to Plaintiff's failure to exhaust a grievance on the issues submitted in this complaint against Defendant Bastian.  It is recommended that Defendants VanWagner and Dessellier remain as Defendants in this case, because a question of fact exists regarding whether Plaintiff was denied access to the grievance process to submit a grievance on Defendant VanWagner and Dessellier's conduct as set forth in this complaint.

Dated:      January 20, 2017              /s/ Timothy P. Greeley
                                          TIMOTHY P. GREELEY
                                          UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).