UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SANGO,

    Plaintiff,

v.

Case No. 2:15-cv-104
HON. GORDON J. QUIST

JON VANWAGNER, et al.,

    Defendant(s).
_____/

REPORT AND RECOMMENDATION

Plaintiff Robert Sango filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants prison corrections officers Jon VanWagner, Bruce Dessellier, and Todd Bastian.  The remaining claim is against Defendants VanWagner and Dessellier for telling Plaintiff that there was a "hit" on him, calling him "Bobby-X" in order to cause him harm at the hands of other inmates, and by stating that they would pay to see Plaintiff get stabbed.

Defense counsel scheduled Plaintiff's deposition for May 2, 2017, at 9:00 AM, at the Baraga Correctional Facility.  Plaintiff had been paroled prior to the scheduled deposition date.  Plaintiff never appeared for his deposition.  Plaintiff never requested a new date for his deposition and never informed defense counsel that he would be unable to attend his deposition.  According to Michigan Department of Corrections Offender Tracking Information System, Plaintiff absconded from parole on May 3, 2017.  Plaintiff has not informed the Court of his current address.  Defendants move for the sanction of dismissal under Fed. R. Civ. P. 37(d) and 41(b).  Fed. R. Civ. P. 37(d)(1)(A)(i) provides that the Court may impose sanctions on a party for failing to appear at a properly noticed deposition.  Dismissal of the case may be an appropriate sanction.  Fed. R. Civ.

P. 37(d)(1)(B)(3) and Fed. R. Civ. P. 37(b)(2)(A)(v).  Defendants also move under Fed. R. Civ. P. 41(b) because Plaintiff has failed to prosecute this case by failing to keep the Court informed of his current address.  W.D. Mich. LCivR. 41.1 requires Plaintiff to provide the Court with a current address and the failure to do so is grounds for dismissal for want of prosecution.  Plaintiff has not updated his current address, as he absconded from parole on May 3, 2017.  In addition, Plaintiff failed to attend his May 2, 2017, scheduled deposition.

Accordingly, it is recommended that defendants' Motion to dismiss (ECF No. 32) be granted under Fed. R. Civ. P. 37(d) and Fed. R. Civ. P. 41(b), and that this case be dismissed with prejudice in its entirety.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   June 13, 2017                          */s/ Timothy P. Greeley*
                                                                     TIMOTHY P. GREELEY
                                                                     UNITED STATES MAGISTRATE JUDGE